UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23103-Civ-COOKE/TURNOFF

EUROSILLAS, C.A., *et al.*,

    Plaintiffs

vs.

CITIGROUP, INC., *et al.*,

    Defendants.

_____/

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO JOIN NECESSARY PARTY AND DIRECTING
PLAINTIFFS TO FILE AN AMENDED COMPLAINT**

THIS MATTER is before me on Defendants' Motion to Dismiss for Failure to Join Necessary Party, Failure to State a Claim, or in the Alternative, Motion for More Definite Statement and to Strike Request for Attorneys' Fees. (ECF No. 13). I have reviewed the arguments, the record and the relevant legal authorities. For the reasons explained in this Order, the Motion to Dismiss is granted in part and Plaintiffs are directed to file an Amended Complaint no later than January 27, 2012.

**Background[1]**

Plaintiffs EuroSillas, C.A. ("EuroSillas") and Baraka de Venezuela, C.A. ("Baraka") are Venezuelan companies that have individual corporate business accounts with Defendant Citibank, N.A. ("Citibank"). Plaintiff Najah Al-Rimawi De Yussef is a co-founder and 50% shareholder of EuoSillas, and an officer/director and shareholder of Baraka. Ms. Al-Rimawi alleges that Citibank denied her access to the corporate accounts in May 2011, and has

---

[1] These facts are taken from the Plaintiffs' Complaint. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the

continually refused to grant her access despite her repeated requests for Citibank to do so. Specifically, Ms. Al-Rimawi asserts that, at all times relevant to this cause of action, she was EuoSillas' acting President and the sole person authorized to access both the EuroSillas and Baraka corporate accounts.  Upon information and belief, Ms. Al-Rimawi alleges that Hasem Yusseff Yussef, her estranged husband and EuroSillas' former President, unlawfully instructed Citibank to remove Ms. Al-Rimawi as EuroSillas' account signatory.  On June 23, 2011, Helena Tetzeli, counsel for Ms. Al-Rimawi, sent a letter to Citibank, requesting that it suspend all activity and access to the accounts, or alternatively, allow Ms. Al-Rimawi sole access to the accounts.  Despite Citibank's assurances that the accounts were suspended, Ms. Al-Rimawi contends that Mr. Yussef and/or his family continued to have account access.

On August 12, 2011, Plaintiffs filed this lawsuit in the Eleventh Judicial Circuit Court in and for Miami-Dade County alleging causes of action for constructive trust (Count I), injunction (Count II), breach of fiduciary duty (Count III), declaratory relief (Count IV) and accounting (Count V), against Defendants Citibank and its parent company Citigroup, Inc.  On August 30, 2011, Defendants removed the case to this Court.  Following removal, the parties executed a confidentiality agreement and agreed to stipulated protective order regarding a preliminary and voluntary document exchange.  Citibank also agreed to suspend all activity in both corporate accounts, rendering Plaintiffs' request for an injunction moot.  Defendants now move to dismiss Plaintiffs' remaining claims for failure to join a necessary party and failure to state a cause of action.

**Discussion**

If feasible, "[a] person who is subject to service of process and whose joinder will not

---

well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

deprive the court of subject-matter jurisdiction must be jointed as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action" and disposing of the action may "impair or impede the person's ability to protect the interest…" Fed. R. Civ. P. 19(a).  In other words, a person who should be joined is one who is indispensible to the litigation.  Rule 19 adopts a "two-part test for determining whether a party is indispensable" to the pending litigation.  *Challenge Homes, Inc. v. Greater Naples Care Ctr.*, 669 F.2d 667, 669 (11th Cir. 1982).  A district court must first ascertain whether the person or entity at issue is one who should be joined, if feasible.  *Id.*  If the person should be joined but cannot be, then the court must inquire whether the litigation may continue.  *Id.* (citing Fed. R. Civ. P. 19(b)).[2]

      The Complaint alleges that Mr. Yussef transferred operative control of EuroSillas to Ms. Al-Rimawi in May 2011.  The Complaint fails, however, to allege that Mr. Yussef transferred all financial interest to Ms. Al-Rimawi as well, or what ownership rights and financial interests Mr. Yussef has, if any, in Baraka.  The Complaint and supporting exhibits also indicate that Ms. Al-Rimawi and Mr. Yussef are married and are possibly engaged in a marital dispute.  By the Plaintiffs' own admission, there is "an actual, justifiable controversy as to who has authority over the aforementioned accounts."  (Compl. ¶ 36, ECF No. 1-1).  Taking this admission into consideration, along with the factual circumstances and Ms. Al-Rimawi's relationship to Mr. Yussuf, I am left to conclude that any judgment rendered in Mr. Yussef's absence may potentially impact his financial and marital rights and interests.  Mr. Yussef is indeed an

---

[2] Factors to consider in determining whether a party is indispensible include whether: (1) a judgment rendered in the person's absence might be prejudicial to the absent or existing party; (2) the prejudice can be lessened or avoided by reshaping the judgment; (3) a judgment rendered in the person's absence will be adequate; and (4) the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  *See* Fed. R. Civ. P. 19(b).

indispensible party and his joinder to this action will not only protect his interests but will also avoid the waste of judicial resources.  Defendants concede that Mr. Yussef can be joined to this case.  If that is indeed true, then dismissal of this action is inappropriate.  Rather, Plaintiffs shall be afforded an opportunity to amend their Complaint to join Mr. Yussef and correct any other outstanding pleading deficiencies.[3]  Accordingly, I hereby **ORDERED and ADJUDGE** that the Motion to Dismiss (ECF No. 13) is **GRANTED** *in part*.  Plaintiff is directed to file an Amended Complaint on or before January 27, 2012. Failure to do so may result in the dismissal of this action with and/or without prejudice.  At this junction, Defendants' challenges to the merits of Plaintiffs' claims are **DENIED** *as moot*.

    **DONE and ORDERED** in chambers at Miami, Florida, this 26TH day of January 2012.

                                                   */s/ Marcia G. Cooke*
                                                   MARCIA G. COOKE
                                                   United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

---

[3] The Complaint contains several exhibits that have not been translated to English.  "[I]t is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English."  *United States .v. Rivera-Roario*, 300 F.3d 1, 5, 7 n.4 (1st Cir. 2002) (noting "well-settled rule that parties are required to translate all foreign language documents into English")' *see also Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 413-14 (1st Cir. 2000) (declining to consider as part of summary judgment record a deposition excerpt in Spanish, where party submitting excerpt failed to provide English translation); *Krasnopivtsev v. Ashcroft*, 382 F.3d 832, 838 (8th Cir. 2004) (copy of passport was properly excluded from evidence where no English translation or certification was offered); *United States v. Cruz*, 765 F.2d 1020, 1023 (11th Cir. 1985) (where defendant engages in "deliberate tactical decision" not to submit English translation of Spanish tape, he cannot complain on appeal that jury's function was usurped when he failed to present evidence that would have aided jury in fulfilling that function).